NEW YORK & B. CO. v. AUGUST HERRMANN ET AL.

1. ASSIGNEE OF PART OF CONTRACT OBTAINS NO INDEPENDENT CONTRACTUAL RIGHTS, IF ASSIGNOR RESPONSIBLE FOR ENTIRE CONTRACT.

   The assignee of an item of a contract will not obtain independent contractual rights on which he may bring an action for specific performance, where the assignor is, by the terms of the original contract, responsible for its complete performance, including the part sublet.

2. INJUNCTION WILL NOT LIE TO ENFORCE CONTRACT.

   If independent contractual rights were acquired by the assignee of a portion of a contract for services and such assignee has a complete and adequate remedy at law for the breach thereof, a petition for an injunction to enforce such rights will be denied.

3. CINCINNATI WATERWORKS COMMISSIONERS CAN CONTRACT ONLY AS PRESCRIBED BY LAN. R. L. 3713 (B. 1536-541).

   The board of waterworks commissioners for Cincinnati is authorized to establish independent contractual relations only in the manner particularly prescribed by the provisions of Lan. R. L. 3713 (B. 1536-541).

APPEAL from Hamilton common pleas court.

**Miller Outcalt** and **D. V. Sutphin,** for appellant.
**F. D. Dinsmore,** for appellee.

New York & B. Co. v. Herrmann.

**JELKE, J.**

We are of opinion that item 13 of the Henkel contract of May 16, 1899, is not so divisible from the main contract as to be susceptible, by assignment, of establishing independent contractual relations with the assignee of such item.

This could only be done by discharging this item, and whatever interest or profit might be in the same, from all liability for the complete performance of the principal contract. This could not be done:

First. Because the board of waterworks commissioners has no power to surrender or give away any of the city's rights secured to it by a contract legally entered into; and

Second. Because the board of waterworks commissioners can establish independent contractual relations only in the manner particularly prescribed in act 92 O. L. 606 (Lan. R. L. 3713; B. 1536-547).

Again, there is nothing ambiguous or equivocal about the action of the board of October 10, 1902:

"Resolved, that consent is hereby granted said United States Construction Company to sublet to said New York & Bermudez Company all the work to be done and materials to be furnished, embraced in said item 13, and to assign to said New York & Bermudez Company all moneys which may become due and payable for the work and material furnished under said item 13; and be it further

"Resolved, that this consent is granted by the board without in any way releasing or affecting the liability of said United States Construction Company, Aug. J. Henkel and the United States Fidelity & Guaranty Company, all or either of them, for the faithful and complete performance of said contract, including the part thereof herein permitted to be sublet to the New York & Bermudez Company."

The board plainly set out its intention only to consent to a subletting.

We are of opinion that the New York & Bermudez Company acquired no contract rights, specific performance of which could be enforced independent of the principal contract.

We are further of opinion that even if the rights of the New York & Bermudez Company were as here contended for, injunction would not lie to enforce them, but said company would be relegated to an action at law where full and adequate remedy in damages could be had for any breach of contract. *Steinau* v. *Gas Co.* 48 Ohio St. 324 [27 N. E. Rep. 545].

**Giffen** and **Swing, JJ.,** concur.